IN THE SUPREME COURT
OF THE VIRGIN ISLANDS

**FILED**

December 18, 2024 10:06 AM
SCT-Civ-2024-0020
VERONICA HANDY, ESQUIRE
CLERK OF THE COURT

**For Publication**

# IN THE SUPREME COURT OF THE VIRGIN ISLANDS

| | |
|---|---|
| **JEFFREY JOHN MAGRAS,**<br>Appellant/Defendant, | ) **S. Ct. Civ. No. 2024-0020**<br>) Re: Super. Ct. RV. Case No. 009/2023 (STT)<br>) Re: Super. Ct. WR. Case No. 020/2020 (STT) |
| v. | ) |
| | ) |
| **PEOPLE OF THE VIRGIN ISLANDS,**<br>Appellee/Plaintiff. | ) |
| | ) |
| | ) |

On Appeal from the Superior Court of the Virgin Islands
Division of St. Thomas and St. John
Superior Court Judge: Hon. Denise M. Francois

Argued: October 8, 2024
Filed: December 18, 2024

Cite as: 2024 VI 36

BEFORE: **RHYS S. HODGE**, Chief Justice; **MARIA M. CABRET**, Associate Justice; and
**HAROLD W.L. WILLOCKS**, Associate Justice.

APPEARANCES:

**Peter James Lynch, Esq. (Argued)**
Flag Law VI
St. Thomas, U.S.V.I.
    *Attorney for Appellant,*

**Gordon C. Rhea, Esq.**
Attorney General
**Pamela R. Tepper, Esq.**
Solicitor General
**Sean P. Bailey, Esq. (Argued)**
Associate Attorney General
Virgin Islands Department of Justice
St. Thomas, U.S.V.I.
    *Attorney for Appellee.*

## OPINION OF THE COURT

**WILLOCKS, Associate Justice.**

*Magras v. People of the V.I.*
S. Ct. Civ. No. 2024-0020
Opinion of the Court
Page 2 of 31

¶ 1      Appellant Jeffrey John Magras (hereinafter "Magras") appeals from the Superior Court of the Virgin Islands (hereinafter "Superior Court") March 22, 2024 order affirming the Magistrate Division of the Superior Court of the Virgin Islands (hereinafter "Magistrate Division") June 9, 2023 order denying Magras' May 24, 2023 emergency injunction motion for preliminary and permanent injunction for discharge of arrest warrant and for other injunctive relief.

## I. BACKGROUND

¶ 2      To better understand this appeal, it is necessary to recite some background regarding the multiple proceedings involving Magras: the warrant proceeding (*In re: Jeffrey John Magras*, Case No. ST-2020-WR-020), the criminal proceeding (*People v. Magras*, Case No. ST-2023-CR-210), and the appellate proceeding (*Magras v. People*, Case No. ST-2023-RV-009). Importantly, Magras' May 24, 2023 emergency injunction motion for preliminary and permanent injunction for discharge of arrest warrant and for other injunctive relief (hereinafter "Emergency Injunction Motion")—the motion that lead to the crux of this appeal—was initially filed in the warrant proceeding, but the opposition and reply thereto were filed in the criminal proceeding, and the subsequent order denying Magras' Emergency Injunction Motion was adjudicated and entered in the warrant proceeding. For the sake of organizational clarity, this Court will separately discuss the procedural history of each proceeding and include only the information relevant to this appeal.[1]

---

[1] For purposes of this memorandum opinion and order, this Court takes judicial notice of the existence of other cases pending in the Superior Court of the Virgin Islands as well as certain papers that have been filed in those cases. *Cf. King v. Appleton*, 61 V.I. 339, 348 (V.I. 2014) ("[T]he Superior Court may take judicial notice of the existence of a document that has been filed with it in another proceeding." (quotation marks and citation omitted)); *accord Cianci v. Chaput*, 64 V.I. 682, 690 n.2 (2016) (recognizing that courts may take judicial notice of other courts' dockets and papers).

*Magras v. People of the V.I.*
S. Ct. Civ. No. 2024-0020
Opinion of the Court
Page 3 of 31

### The Warrant Proceeding

¶ 3     On July 23, 2020, the People of the Virgin Islands (hereinafter "People") filed a petition for issuance of an arrest warrant pursuant to "V.I. R. CRIM. P. 4, Superior Court 122, and 5 V.I.C. § 3504" in the Magistrate Division[2]—Case No. ST-2020-WR-020.[3] On the same date, July 23, 2020, the People filed a motion to "place under seal the Petition for an Arrest Warrant, the Arrest Warrant and supporting affidavit…due to the sensitive nature and circumstances in this matter."

¶ 4     On July 29, 2020, the Magistrate Division—upon having the affidavit verified by the sworn oath of Officer Herbert via telephone by a magistrate judge—issued an arrest warrant for Magras, and also entered an order granting the People's motion to file under seal. Based on this arrest warrant, the Virgin Islands Police Department made an entry in the database maintained by the National Crime Information Center reflecting that felony charges had been made against Magras.

¶ 5     On January 29, 2023, Magras was detained and arrested in Florida during a routine traffic stop pursuant to the entry in the National Criminal Information Center database requesting Magras'

---

[2] In the proposed arrest warrant that the People filed with their petition, it contained a blank signature block for "Magistrate of the Superior Court."

[3] In support of their petition, the People attached a copy an unsworn, unexecuted affidavit—and subsequently, an unsworn, unexecuted amended affidavit—of Police Investigator Angela Herbert of the Virgin Islands Police Department (hereinafter "Officer Herbert"), in which she purportedly stated, *inter alia*, that "based upon [her] personal knowledge of the investigation and from observations of other officers and witnesses involved in the investigation," she has "probable cause to believe and does believe that Jeffrey John Magras has committed the following crimes"—"Two Counts of Obtaining Money by False Pretenses in violation of Title 14 V.I.C. Section 834(2)" and "Two [C]ounts of Grand Larceny in violation of Title 14 V.I.C. Sections 1083(a)(1)."

*Magras v. People of the V.I.*
S. Ct. Civ. No. 2024-0020
Opinion of the Court
Page 4 of 31

detainment for the Virgin Islands.[4] Following the arrest of Magras in Florida, the Virgin Islands Department of Justice began the process for his extradition.

¶ 6    On May 24, 2023,[5] Magras—through his counsel[6]—filed the Emergency Injunction Motion "seeking an emergency hearing to establish the illegality of the warrant, to procure a Declaratory Judgment so stating, issuance of an order requiring its immediate discharge, and further injunctive relief, including an order that the Virgin Islands Governor's warrant, based solely upon and procured from the unlawful warrant, be immediately recalled, and the Governor of the State of Florida and the Court in St. Johns County, Florida be notified, referral of this matter to the U.S. Attorney for the Virgin Islands for full investigation for potential criminal prosecution of every individual involved in procuring the warrant or using it to involve issuance of a Virgin Islands Governor's warrant, and a Florida Governor's warrant, and referral to the Virgin Islands office of Disciplinary Counsel for ethics violations of every Virgin Islands Government attorney involved." In his motion, Magras, *inter alia*, quoted Rules 3 and 4 of the Virgin Islands Rules of Criminal Procedure and argued that "[t]he arrest warrant was procured in violation of V.I. R. CRIM. P. 3 and 4, because no representative from the Attorney General's office executed and filed an

---

[4] As a result, Magras initiated two habeas proceedings in Florida seeking his release. In both proceedings, Magras primarily contested that there were no criminal charges filed against him because the July 29, 2020 arrest warrant had been facially defective for purportedly failing to comply with Rules 3 and 4 of the Virgin Islands Rules of Criminal Procedure, which Magras asserted had required that the People file an information signed by an Assistant Attorney General contemporaneously with its arrest warrant petition. The outcome of these proceedings is not relevant to this appeal and thus not discussed in this opinion.

[5] Interestingly, while it was filed on May 24, 2023, the Emergency Injunction Motion reflects Peter Lynch, Esq.'s signature of May 26, 2023.

[6] On May 25, 2023, Peter Lynch, Esq. filed a notice of appearance on behalf of Magras in the warrant proceeding.

*Magras v. People of the V.I.*
S. Ct. Civ. No. 2024-0020
Opinion of the Court
Page 5 of 31

information charging Mr. Magras with any crimes, before or on July 29, 2020, when a Virgin Islands police investigator filed a probable cause affidavit."

¶ 7    On May 25, 2023, the People—apparently unaware of Magras' Emergency Injunction Motion—filed a motion to unseal all documents in the matter, including the arrest warrant and the affidavit used to procure it, so that "all parties" to the Florida proceedings[7] could "be adequately apprised of the facts surrounding the warrant." The People explained that "there is no need for the warrant to remain sealed at this time" since Magras "has been recently arrested on a Governor's Warrant in the State of Florida and has filed an action against the People asserting that criminal charges were never filed against him in the U.S. Virgin Islands." On May 31, 2023, the Magistrate Division entered an order granting the People's motion to unseal, and the matter was unsealed.

¶ 8    On June 2, 2023, Magras was extradited to the Virgin Islands and arrested upon his return on St. Thomas pursuant to the arrest warrant.

¶ 9    On June 9, 2023, the Magistrate Division entered an order denying Magras' Emergency Injunction Motion (hereinafter "Magistrate Division's June 9, 2023 Order"). In this Order, the court found: (i) the July 29, 2020 arrest warrant was a telephonic warrant and "[a]n information is not required for a telephone warrant"; (ii) "the Defendant's ability to seek suppression of the telephone or electronic warrant is limited to a showing of bad faith by the issuing Magistrate"; (iii) "even if the warrant under V.I. R. CRIM. P. 4(a)(b), was defective, the People of the Virgin Islands is given an opportunity to cure any defect and amend the warrant [pursuant to V.I. R. CRIM. P. 4(e)] [and] the People may assert a good faith reliance on the defective warrant"; and (iv) "the fourteen (14) day period in V.I. R. CRIM. P. 41 was tolled as law enforcement could not execute

---

[7] *See supra* note 4.

*Magras v. People of the V.I.*
S. Ct. Civ. No. 2024-0020
Opinion of the Court
Page 6 of 31

the warrant because the defendant was not within and failed to return to the jurisdiction of the U.S. Virgin Islands to address the outstanding warrant."

### The Criminal Proceeding[8]

¶ 10    On June 5, 2023, the People filed a probable cause sheet along with arrest supporting documentation and initiated a criminal proceeding against Magras—Case No. ST-2023-CR-210.

¶ 11    On the same date, June 5, 2023, Magras—along with his counsel[9]—appeared for his advice of rights hearing before Magistrate Judge Simone Van Holten-Turnbull in the criminal proceeding.[10] During the hearing, Magras' counsel advised the court that he had filed an Emergency Injunction Motion on May 26, 2024 and that it remained pending; the court ordered the People to file a response thereto by the next day.[11] At the end of hearing, Magistrate Judge Simone Van Holten-Turnbull signed and entered the pretrial release order.

---

[8] After several judicial recusals, the criminal proceeding was ultimately assigned to Judge Kathleen Y. Mackay (hereinafter "Judge Mackay").

[9] On June 5, 2023, Peter Lynch, Esq. filed a notice of appearance on behalf of Magras in the criminal proceeding.

[10] The common practice of having a magistrate judge preside over advice of rights hearing in a criminal proceeding is authorized by both statute and local rule. *See* 4 V.I.C. § 123(a)(4) ("Each magistrate judge may: hear all non-felony traffic offenses, litter cases, misdemeanor criminal cases where the maximum punishment is limited to not more than 364 days imprisonment; arraignment and probable cause hearings in any criminal or traffic offense matter; small claims cases and probate matters..."); *see also*, V.I. R. CRIM. P. 1(c) ("A magistrate judge, as defined in Rule 2 of these Rules of Criminal Procedure, is authorized to perform judicial functions in proceedings as set forth in these Rules, including preliminary proceedings in first degree murder cases, such as advice of rights, probable cause hearings, issuance of arrest and search warrants, motions for reduction of bail or detention, and arraignment proceedings.").

[11] At the June 5, 2023 advice of rights hearing the following colloquy took place:

> Attorney Lynch: Very well, Your Honor. One last – I do have a question for the Court, because on May 25th I – excuse me, May 26th I did file something in writing with the Court, and on that same date the matter was finally unsealed...

*Magras v. People of the V.I.*
S. Ct. Civ. No. 2024-0020
Opinion of the Court
Page 7 of 31

¶ 12    On June 6, 2023, the People filed an opposition to Magras' Emergency Injunction Motion in the criminal proceeding instead of in the warrant proceeding where Magras had filed the motion. In their opposition, the People indicated: (i) they "could not locate any motions filed under this caption"; (ii) they "specifically requested that such motion be filed under this case number [ST-2023-CR-210], so the Motion could be responded to rapidly"; (iii) they "have attached the motions it received raising similar issues that [Magras] raised in a civil filing in the Virgin Islands Superior Court under ST-2023-CV-00105."

¶ 13    In response, on the same date, Magras filed a notice in the criminal proceeding advising the court that: (i) "Without awaiting the undersigned's filing of [the Emergency Injunction Motion in the criminal proceeding], the People have taken it upon themselves to file a response to a different motion, filed in the civil action ST-2023-CV-00105"; (ii) "The People need to respond to [the Emergency Injunction Motion], as it relates directly to the viability of the above-captioned criminal action."

¶ 14    On June 9, 2023, upon receiving the correct motion, the People supplemented their June 6, 2023 opposition with an affidavit of Officer Herbert, dated June 9, 2023. The People similarly filed the affidavit only in the criminal proceeding and not in the warrant proceeding.

---

...

Attorney Lynch: … I simply entered a Notice of Appearance and I entered a motion for an injunction this time.

The Court: Well, the motion has not been responded to. I'm going to give the government until tomorrow afternoon at 5 p.m. to file their – no, at 4 p.m. to file their response to your filings.

...

(June 5, 2023 Hr'g Tr. 8:12-18, 10:1-9).

*Magras v. People of the V.I.*
S. Ct. Civ. No. 2024-0020
Opinion of the Court
Page 8 of 31

¶ 15    On June 11, 2023, Magras filed a reply to the People's opposition, and attached as Exhibit

1, his affidavit dated June 11, 2023. (JA 169-178). Magras likewise filed his reply only in the

criminal proceeding and not in the warrant proceeding.

¶ 16    On June 22, 2023, the People filed an information against Magras, charging him with:

Count One-obtaining money by false pretense, in violation of 14 V.I.C. § 834(2); Count Two-

grand larceny, in violation of 14 V.I.C. § 1083(a)(1); Count Three-obtaining money by false

pretense, in violation of 14 V.I.C. § 834(2); and Count Four-grand larceny, in violation of 14 V.I.C.

§ 1083(a)(1). The People simultaneously filed a copy of Officer Herbert's executed affidavit, dated

July 29, 2020.

¶ 17    To date, the criminal proceeding remains ongoing with multiple pending motions.

### The Appellate Proceeding[12]

¶ 18    On June 30, 2023, Magras filed an untimely[13] notice of appeal[14] appealing the Magistrate

Division's June 9, 2023 Order pursuant to 4 V.I.C. § 123(c) and Superior Court Rule 322(a), and

---

[12] After several judicial recusals, the appellate proceeding was ultimately assigned to Judge Francois.

[13] *See infra* note 26.

[14] In his notice of appeal in the appellate proceeding, Magras stated in relevant part:

Appellant raises the following issues on appeal:

   i.    The July 29, 2020 arrest warrant was issued in violation of V.I. R. Crim. P. 3 and 4, and was therefore <u>defective</u>, as it purported to be based on an information, but no information was produced, executed by the attorney general or its representative, or filed;

   ii.   The July 29, 2020 arrest was issued in Violation [sic] of V.I. R. Crim P. 41, and was therefore defective, as it failed to state its term of expiration on its face;

   iii.   Even if not defective, the July 29, 2020 arrest warrant expired 14 days after its issuance, pursuant to V.I. R. Crim P. 41(e)(1)(A);

*Magras v. People of the V.I.*
S. Ct. Civ. No. 2024-0020
Opinion of the Court
Page 9 of 31

thus initiated the appellate proceeding—Case No. ST-2023-RV-009. *See* V.I. SUPER. CT. R. 322(a) ("Final orders or judgments of the Magistrate Division resolving completely the merits of cases which came before them pursuant to their original jurisdiction, as provided by 4 V.I.C. § 123(a), are immediately appealable to judges of the Superior Court of the Virgin Islands, as well as any interlocutory orders appealable by law."); *see also,* 4 V.I.C. § 125 ("All appeals from the Magistrate Division, except as otherwise provided for in this chapter, must be filed in the Superior Court or to the Supreme Court, if appealable to the Supreme Court as provided by law.").

¶ 19   On July 5, 2023, the Clerk of the Court entered a docketing letter noting that "[w]ithin fourteen (14) days of filing and service of the notice of appeal, any other party to the Magistrate Division [warrant] proceeding may, but is not required, to file a response to the notice of appeal." However, despite several attorneys entering appearances on their behalf,[15] the People did not

---

iv.   The July 29, 2020 arrest was not effective to commence a case, because unlike the federal rules, the V.I. R. Crim. P. 3, 4 requirement that a charging document be in writing, executed, and filed by the attorney general or its representative, and submitted to a judge, is not abrogated by V.I. R. Crim P. 4.1, which permits a warrant to be obtained by telephone or other reliable electronic means.

v.    Given the court's public record notice that the appellant had departed the Virgin Islands some 7 months earlier, for health reasons, and was in Florida for heart surgery, and not to flee from justice, issuance of the warrant under seal deprived the Appellant of notice and procedural due process, and disproves the People's contention that the Appellant was a fugitive from justice, and that the arrest warrant was extended by tolling;

vi.   At the time of Appellant's arrest, in Florida on January 28, 2023 and May 5, 2023 and Appellant's arrest in the Virgin Islands on June 2, 2023, more than three years has passed since the alleged crimes, which each had a three year statute of limitations, and execution of the warrant without a timely filed information was fatally defective.

[15] On July 17, 2023, Assistant Attorney General Tracy Myers, Esq. filed a notice of appearance; on August 29, 2023, Assistant Attorney General Ian S. A. Clement, Esq. filed a notice of substitution of counsel for Tracy Myers, Esq.; on March 20, 2024, Assistant Attorney General Sean P. Bailey, Esq. filed a notice of substitution of counsel for Ian S. A. Clement, Esq.

*Magras v. People of the V.I.*
S. Ct. Civ. No. 2024-0020
Opinion of the Court
Page 10 of 31

respond to Magras' notice of appeal. *See* V.I. SUPER. CT. R. 322(b)(5) ("Within fourteen days of filing and service of the notice of appeal, any other party to the Magistrate Division proceeding may, but is not required, to file a response to the notice of appeal. The response may contain a concise position statement of no more than 780 words in length (or three pages for self-represented parties), which responds to the position statement in the notice of appeal, which may include designating additional issues for review.").

¶ 20    On October 6, 2023, Magras filed a notice advising the court that the commencement of the criminal proceeding while his Emergency Injunction Motion was pending in the warrant proceeding "apparently caused some confusion, whereby certain filings captioned for the instant matter were docketed in the criminal case, and vice versa" but "by the absence on the docket of a response filed to the instant appeal, it would appear that the People have deliberately chosen not to respond to [Magras'] June 30, 2023 Notice of Appeal."

¶ 21    On March 22, 2024, the Superior Court judge assigned to Magras' underlying appellate proceeding—upon finding that "Magras' appeal was filed on a timely basis, and [it] had jurisdiction over [Magras'] appeal"—reviewed the Magistrate Division's "[f]actual findings of each injunction factor for clear error, and [] exercises plenary review of conclusion of law" and entered an order affirming the Magistrate Division's June 9, 2023 Order (hereinafter "Superior Court's March 22, 2024 Order"). In the Superior Court's March 22, 2024 Order, the court addressed all six issues raised in Magras' notice of appeal.

¶ 22    On April 3, 2024, Magras filed a timely notice of appeal[16] with this Court appealing the

---

[16] In his notice of appeal to this Court, Magras stated in relevant part:

*Magras v. People of the V.I.*
S. Ct. Civ. No. 2024-0020
Opinion of the Court
Page 11 of 31

[Magras]… hereby gives Notice of his Appeal as of right (under V.I. R. App. P. 4 and 5) from the March 22, 2024 final Order of the Superior Court of the Virgin Islands (ST-2023-RV-00009) affirming the June 9, 2023 Order of the Magistrate Division of the Superior Court of the Virgin Islands (ST-2020-WR-00020), of which Appellant had sought review on June 30, 2023, as well as from the related March 25, 2024 final Order of the Superior Court of the Virgin Islands (ST-2023-MC-00021)…

2. As grounds for appeal, [Magras] identifies the following issues:

a) Whether the December 1, 2017 adopted Virgin Islands Rule of Criminal Procedure (V.I. R. Crim. P.) 3 requires felony charges to be made by information signed by the Attorney General or a representative of that office;

b) Whether V.I. R. Crim. P. 4 requires that an information be filed along with a probable cause affidavit in order to obtain an arrest warrant;

c) Whether V.I. R. Crim. P. 4.1 abrogates the requirement that the Attorney General or a representative of that office sign and file an information when obtaining an arrest warrant by telephonic or other electronic means;

d) Whether the date of issuance of an arrest warrant improperly obtained without an information filed by the Attorney General or a representative of that office constitutes the commencement of a criminal case for purposes of the statute of limitations;

e) Whether an arrest warrant improperly obtained without an information filed by the Attorney General or a representative of that office is fatally defective;

f) Whether an arrest warrant improperly obtained without an information filed by the Attorney General or a representative of that office can be cured by the later filing of an information after expiration of the statute of limitations for the crimes charged;

g) Even if the issuance of an arrest warrant improperly obtained without an information filed by the Attorney General or a representative of that office does constitute the commencement of a criminal case for purposes of the statute of limitations, is it correct to state, based on issuance of the warrant, that "charges are pending" or that the defendant "stands charged;"

h) Whether a Virgin Islands Governor's Warrant, procured by a false affidavit stating that a defendant was charged with felonies, when the defendant was not charged, is defective and therefore void;

i) Whether a Florida Governor's Warrant, procured by submission of a Virgin Islands Governor's Warrant, in turn procured by a false affidavit swearing that a defendant was charged with felonies, when the defendant was not charged, is defective and therefore void;

j) Whether the Superior Court lacks jurisdiction of a *habeas corpus* petition filed on behalf of a defendant who is not incarcerated but whose liberty is restrained by the pretrial release conditions set by Order of a judge.

*Magras v. People of the V.I.*
S. Ct. Civ. No. 2024-0020
Opinion of the Court
Page 12 of 31

Superior Court's March 22, 2024 Order. *See* V.I. R. APP. P. 5(a)(1) ("In a civil case in which an appeal is permitted by law as of right from the Superior Court to the Supreme Court, the notice of appeal required by Rule 4 shall be filed with the Clerk of the Supreme Court within 30 days after the date of entry of the judgment or order appealed from; but if the Government of the Virgin Islands or the United States of America or an officer or agency thereof is a party, the notice of appeal may be filed by any party within 60 days after such entry.").

¶ 23  On October 8, 2024, the parties appeared before this Court for oral argument.

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

¶ 24  The Revised Organic Act provides this Court with appellate jurisdiction over "all appeals from the decisions of the courts of the Virgin Islands established by local law. . . ." 48 U.S.C. § 1613a(d). Title 4, § 32(a) of the Virgin Islands Code vests this Court with jurisdiction over "all appeals arising from final judgments, final decrees or final orders of the Superior Court [of the Virgin Islands], or as otherwise provided by law." 4 V.I.C. § 32(a). An "order that disposes of all claims submitted to the Superior Court [of the Virgin Islands] is considered final for the purposes of appeal." *Jung v. Ruiz*, 59 V.I. 1050, 1057 (V.I. 2013) (citing *Matthew v. Herman*, 56 V.I. 674, 677 (V.I. 2012)). The Superior Court's March 22, 2024 Order concluded Magras' appellate

According to his notice of appeal, Magras intended to appeal to two separate orders: the Superior Court's March 22, 2024 Order and a March 25, 2024 order entered in a separate habeas corpus proceeding he initiated against Magistrate Judge Simone Van Holten-Turnbull, the magistrate judge that signed the June 5, 2023 pre-trial release order for Magras in the criminal proceeding (*Magras v. Vanholten-Turnbull*, Case No. ST-2023-MC-021). However, in addition to not providing the March 25, 2024 order and briefing any issues involving the March 25, 2024 order as required by the Virgin Islands Rules of Appellate Procedure, Magras only filed one notice of appeal and paid a single docketing fee. Thus, the appeal of the March 25, 2024 order has not been effectuated and will not be addressed in this opinion.

*Magras v. People of the V.I.*
S. Ct. Civ. No. 2024-0020
Opinion of the Court
Page 13 of 31

proceeding by affirming the Magistrate Division's June 9, 2023 Order. An order from a Superior Court judge affirming a final order of the Magistrate Division is a final order from which an appeal lies. *Julien v. Matthew*, 2024 VI 15, ¶ 21 (V.I. 2024) (citing *Moore v. Walters*, 61 V.I. 502, 506 (V.I. 2014). Hence, Superior Court's March 22, 2024 Order constitutes a final order within the meaning of § 32(a) and conferred jurisdiction on this Court.

¶ 25 Our standard of review in examining the Superior Court's application of law is plenary, while findings of fact are reviewed only for clear error. *St. Thomas-St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 329 (V.I. 2007). When reviewing decisions of a Superior Court judge reviewing an order of the Magistrate Division, we typically consider the underlying rulings made by the magistrate judge only to the extent that they were adopted or affirmed by the Superior Court judge. *Julien*, ¶ 21 (citing *Maso v. Morales*, 57 V.I. 627, 632 (V.I. 2012)).

## B. Overview of Issues

¶ 26 In his appellate brief,[17] Magras argues that "this Court should conclude that the Superior Court committed clear error in statutory interpretation and in application of law to fact with regard

---

[17] In his appellate brief, Magras listed the following "statement of issues":

> I. Whether the arrest warrant was improper, void and incurable ab initio for noncompliance with the V.I. R. CRIM. P. because the probable cause affidavit was not presented and filed with an information. Appellant's Notice of Appeal, ¶¶ 2.(a),(b),(c),(e). The standard of review is plenary, because issues of statutory interpretation are afforded plenary review. *Miller v. People*, 54 V.I. 398, 401 (V.I., 2010); Creque v. Luis, 803 F.2d 92, 93 (3d Cir. 1986). "[R]ules of this Court have the force of law, and are to be interpreted and construed in the same manner as statutes." *Companion Assurance Co. v. Smith*, S. Ct. Civ. No. 2016-0056, *9 (V.I. May 23, 2017). *See also Gilbert v. People*, 52 V.I. 350, 354-55 (V.I., 2009) (ruling that this Court exercises plenary review over questions of statutory construction).

*Magras v. People of the V.I.*
S. Ct. Civ. No. 2024-0020
Opinion of the Court
Page 14 of 31

to the validity of the arrest warrant, and all that flowed from it." Magras makes the following assertions in support of his argument: (i) "The July 29, 2020, arrest warrant was not 'properly obtained,' because it was procured in the absence of an information charging felonies"; (ii) "Issuance of the improper arrest warrant did not commence the criminal action for purposes of the statute of limitations"; and (iii) "Appellee's tardy filing of an information on June 22, 2023, after expiration of the statute of limitations, in this case, more than three years after the acts complained of, would be barred."[18]

¶ 27     Additionally, Magras also asserts that "[t]he arrest warrant cannot be cured by amendment under Virgin Islands Rule 4(e)(1) because, unlike a warrant obtained with a defective information,

---

II. Whether the attorney general's sworn representation that the Appellant "stands charged," which were used to procure Virgin Islands and Florida Governors' warrants, pursuant to 5 V.I.C. § 3822, can stand, because they were literally false, and whether they rendered those Governors' warrants, and Appellant's arrests and extradition to the Virgin Islands from Florida, void and of no force. Notice of Appeal, ¶¶ 2.(g),(h),(i). As a question of statutory interpretation, this issue is also subject to plenary review.

III. Whether the "improperly procured" arrest warrant was effective to commence a criminal case and toll the limitations period set forth in 5 V.I.C. § 3541 (or to permit filing of an information two years ten months and twenty-five days later). Notice of Appeal, ¶ 2.(d),(f). As a question of statutory interpretation, this issue is also subject to plenary review.

IV. Whether it was an abuse of discretion to deny injunctive relief, to find that V.I. R. Crim. P. 4 is "inartfully drafted," and somehow does not mean what it says, and to fail to follow the plain English meaning of this Court's mandates promulgated by rule in its application to the facts. *See Valenti v. Mitchel*, 962 F.2d 277, 287-299 (3d Cir. 1992) (review of denial of discretionary injunctive relief was for abuse of discretion); *see also People v. Ward*, 55 V.I. 829 (V.I., 2011). This issue was not expressly stated, but the Appellant respectfully requests that this Court consider it to have been implicitly stated and preserved in Notice of Appeal, ¶ 2.(a)-(j), in light of V.I. R. App. P. 22(m), because it implicates the Appellant's substantial constitutional rights to be free from unreasonable searches and seizures, and to receive procedural due process before his liberty may be restrained. U.S. Const. amend. IV, V, XIV. The standard of review for statutory interpretation is abuse of discretion; for questions of fact it is clear error.

[18] Appellant referenced 5 V.I.C. § 3541(a)(1)(2).

*Magras v. People of the V.I.*
S. Ct. Civ. No. 2024-0020
Opinion of the Court
Page 15 of 31

this warrant is fatally defective, and void ab initio, because it was obtained with no information at all." Magras further asserts that the affidavits submitted in support of his extradition from Florida to the Virgin Islands contained falsehoods.

¶ 28    Thus, Magras concludes that this Court "should remand to the Superior Court with instructions, consistent with this conclusion [that the Superior Court erred], to dismiss the pending [criminal proceeding, Case No.] ST-2023-CR-00210."

¶ 29    In their appellee's brief,[19] the People argue that the Magistrate Division did not have jurisdiction to hear Magras' Emergency Injunction Motion, and "even to the extent that the

---

[19] In their appellee's brief, the People listed the following "statement of issues":

> 1. Whether the Magistrate Division of the Superior Court had jurisdiction to hear Appellant's motion for injunctive relief.
>
> 2. Whether this appeal from an order denying a motion for an injunction staying execution of an arrest warrant was rendered moot by the execution of that warrant.
>
> 3. Whether Virgin Islands Rule of Criminal Procedure 4 requires that an information be filed prior to issuance of an arrest warrant.
>
> 4. Whether an arrest warrant obtained without the filing of an information is invalid and void.
>
> 5. Whether Appellant's arguments concerning application of the statute of limitations in his pending criminal case are properly within the scope of this appeal.

The People note in their appellee's brief that both the Magistrate Division's June 9, 2023 Order and the Superior Court's March 22, 2024 Order affirming the Magistrate Division's June 9, 2023 Order "were entered before the People had any opportunity to be heard on any of the issues presented in this matter."

For accuracy, this Court must point out that the People had the opportunity to address the issues before both orders were entered. As to the Magistrate Division's June 9, 2023 Order, the People filed an opposition which responded to Magras' motions filed in another civil matter "raising similar issues," and that opposition was acknowledged in the Magistrate Division's June 9, 2023 Order. Additionally, upon receiving the Magras' Emergency Injunction Motion, the People supplemented their opposition with Officer Herbert's June 9, 2023 affidavit, and did not raise any arguments at that time. As to the Superior Court's March 22, 2024 Order, the People had ample time to respond to Magras' notice of appeal but chose not to file a response—to wit, Magras filed a notice of appeal on June 30, 2023 and the Appellate Division did not enter its order until nine months later. Furthermore, the People had fourteen days—not an unlimited time frame as they

*Magras v. People of the V.I.*
S. Ct. Civ. No. 2024-0020
Opinion of the Court
Page 16 of 31

Magistrate Judge possessed jurisdiction to hear and determine Appellant's Motion in the context of the warrant proceeding at the time it was filed, the Magistrate Judge was divested of any such jurisdiction after Appellant's June 5, 2023 initial appearance and any challenge to the issuance of the warrant should have been filed in the criminal case." The People reason that "[b]ecause the Magistrate Judge's order was entered on June 9, 2023, the decision denying Appellant's motion for injunctive relief is null and void for lack of jurisdiction" and that "[i]n turn, the Superior Court Appellate Division erred to the extent that it reviewed and affirmed the Magistrate, but that decision constitutes harmless error as the Magistrate Judge lacked jurisdiction to consider the motion in the first instance."[20] The People further reason that "[b]ecause the arrest warrant had already been executed at the time the Magistrate Judge ruled [on Magras' Emergency Injunction Motion], there was no meaningful relief that the Magistrate Judge could have granted on the request presented in the Motion [and] [t]herefore, even if the Appellate Division erred in affirming the Magistrate Judge's order on the merits, that error was harmless because the Motion has already become moot at the time the Magistrate entered its order." Based on these reasons, the People conclude that this Court "need not reach [Magras'] arguments on the merits of this matter."

---

seem to suggest—to file a response to the notice of appeal under Superior Court Rule 322(b)(5). *See* V.I. SUPER. CT. R. 322(b)(5) ("Within fourteen days of filing and service of the notice of appeal, any other party to the Magistrate Division proceeding may, but is not required, to file a response to the notice of appeal. The response may contain a concise position statement of no more than 780 words in length (or three pages for self-represented parties), which responds to the position statement in the notice of appeal, which may include designating additional issues for review."). This fourteen-day time frame was noted in the July 5, 2023 docketing letter entered by the Clerk of the Court in the appellate proceeding.

[20] Throughout their appellee's brief, the People refer to the underlying reviewing court as the "Superior Court Appellate Division." However, that is a misnomer since the Appellate Division no longer exists within the Superior Court pursuant to rule changes promulgated in 2018. *See* Promulgation Order No. 2018-005 (Nov. 15, 2018). Nevertheless, this Court will keep this reference when quoting directly from the People.

*Magras v. People of the V.I.*
S. Ct. Civ. No. 2024-0020
Opinion of the Court
Page 17 of 31

¶ 30    Nevertheless, as to Magras' argument regarding the Virgin Islands Rules of Criminal Procedure, the People argue that "the plain text of the rule [4] does not specifically require the filing of an information before issuance of a warrant, and the Advisory Committee Comment to the rule clarifies, based on the intention to continue prior practice, that it does not." The People further argue that "[e]ven if the Court concludes that issuance of an arrest warrant in the absence of an information technically constitutes a violation of Rule 4, it does not necessarily follow that the warrant is invalid or void" because "nothing in the language of the rule itself indicates that warrants issued in violation of the rule are invalid, and Appellant does not contend that it does." Thus, the People concludes that Magras' "naked assertion that the arrest warrant in this matter was void ab initio is insufficient to justify reversal of the Appellate Division's decision."

¶ 31    Lastly, the People also argue that Magras' "arguments concerning the statute of limitations were not properly before the Superior Court Appellate Division and are not properly included within the scope of this Court's review on appeal" because "[the] criminal case is still pending before the Superior Court...[and] these same issues and arguments are the subject of numerous pending motions filed by Appellant in the criminal matter upon which the Superior Court has yet to rule in the first instance." The People point out that "[i]n effect, [Magras] has manufactured a parallel proceeding—something akin to a collateral attack or an interlocutory appeal—in order to circumvent application of the final judgment rule and to obtain premature review of his statute of limitations arguments by this Court" and "[p]ermitting Appellant to do so would not only constitute an afront to proper appellate procedure, but would also have a catastrophic impact on judicial economy by inviting inconsistent results, duplication of efforts by different judges, and waste of judicial resources."

*Magras v. People of the V.I.*
S. Ct. Civ. No. 2024-0020
Opinion of the Court
Page 18 of 31

¶ 32    In his reply brief, Magras responded to the People's argument. First, Magras argues that the Magistrate Division's lack of jurisdiction is "irrelevant" and "moot" because he "sought review of the magistrate's decision, and resulted in a Superior Court judge – not a magistrate [judge] – issuing the final adverse order appealed from herein," and "[t]here is no question that the Superior Court had jurisdiction to review the magistrate's decision." Second, Magras reiterates his position regarding the Virgin Islands Rules of Criminal Procedure. Finally, Magras argues that his statute of limitations arguments are within the scope of this appeal because "[b]y issuance of its December 1, 2017, V.I. R. CRIM. P., [the Virgin Islands Supreme Court] has removed all doubt as to when a felony criminal case commences."

### C. The Magistrate Division's Jurisdiction to Adjudicate Magras' Emergency Injunction Motion

¶ 33    Magras' appeal of the Superior Court's March 22, 2024 Order stems from the Magistrate Division's June 9, 2023 Order denying Magras' Emergency Injunction Motion. In their appellee's brief, the People argues that the Magistrate Division lacked jurisdiction to act on Magras' Emergency Injunction Motion. Interestingly, Magras—in his reply brief—agrees with the People that the Magistrate Division exceeded its jurisdiction by adjudicating Magras' Emergency Injunction Motion. However, "it is well established that parties may not stipulate to either the presence or absence of subject matter jurisdiction," *Williams v. People*, 58 V.I. 341, 346 n.4 (V.I. 2013) (citing *H & H Avionics, Inc. v. V.I. Port Auth.*, 52 V.I. 458, 460 (V.I. 2009)), and this Court must make its own determination as to the Magistrate Division's jurisdiction. Thus, before reaching the merits of the appeal, this Court will first consider whether the Magistrate Division

*Magras v. People of the V.I.*
S. Ct. Civ. No. 2024-0020
Opinion of the Court
Page 19 of 31

had jurisdiction to adjudicate Magras' Emergency Injunction Motion.[21] *See Willis v. People*, 71 V.I. 789, 795 (V.I. 2019) ("It is well-established that prior to reaching the merits of a case, we must determine whether we have subject matter jurisdiction over the dispute, including whether the Superior Court properly exercised jurisdiction over this case in the first instance.") (collecting cases); *see also, Martinez v. Colombian Emeralds, Inc.*, 51 V.I. 174, 187 (V.I. 2009) ("[S]ubject matter jurisdiction... can be raised and addressed by the court at anytime."). "[T]his Court exercises plenary review over questions relating to the Superior Court's subject matter jurisdiction." *In re Guardianship of Smith*, 54 V.I. 517, 524 (V.I. 2010) (citing *Judi's of St. Croix Car Rental v. Weston*, 49 V.I. 396, 399 (V.I. 2008)).

¶ 34 On May 24, 2023, before a criminal proceeding was initiated against him, Magras filed the Emergency Injunction Motion in the warrant proceeding. When the Magistrate Division's June 9, 2023 Order was entered in the warrant proceeding, the record reflects that a criminal proceeding had already been initiated against Magras. A review of the transcript of the June 5, 2023 advice of rights hearing in the criminal proceeding reveals that the Magras has advised the court of his Emergency Injunction Motion as early as June 5, 2023;[22] a review of the Magistrate Division's June 9, 2023 Order reveals that the Magistrate Division was aware of the criminal proceeding against Magras when it adjudicated Magras' Emergency Injunction Motion.[23] Furthermore, the

---

[21] Even if this issue was not raised by the People, this Court can consider the issue of subject matter jurisdiction *sua sponte*. *See In re Guardianship of Smith*, 54 V.I. 517, 527 (V.I. 2010) (an appellate court may *sua sponte* raise questions regarding a trial court's subject matter jurisdiction).

[22] *See supra* note 11.

[23] The Magistrate Division's June 9, 2023 Order stated in relevant part:

> The Defendant came before the Court for a Probable Cause hearing on June 5, 2023. At that time, Defendant's counsel, Peter Lynch, Esq. was told by the Court that the documents filed on behalf of his client were received, however, probable cause had already

*Magras v. People of the V.I.*
S. Ct. Civ. No. 2024-0020
Opinion of the Court
Page 20 of 31

People—by filing their opposition and the supplemental affidavit—and Magras—by filing his

reply—in the criminal proceeding rather than the warrant proceeding, both appeared to believe

that Magras' Emergency Injunction Motion was to be adjudicated as part of the criminal

proceeding. Nevertheless, these jurisdiction issues—such as whether Magras' Emergency

---

been found that there is a low threshold to be met for probable cause. Attorney Lynch persisted in arguing the validity of the warrant and based on his argument, the Court surmises that Attorney Lynch wanted the warrant suppressed or dismissed. Attorney Lynch further argued that based on V.I. R. CRIM. P. 4 and V.I. R. CRIM. P. 41 there is no case against his client. Attorney Lynch was consistently reminded by the Court that probable cause has already been found for the arrest of the Defendant. Further, the People of the Virgin Islands represented by Brenda Scales, Esq., Assistant Attorney General, stated to the Court that she was not in receipt of any filings by Attorney Lynch. The People of the Virgin Islands stated that it would require time to respond to Attorney Lynch's motion. This Court stated that it agreed with the People of the Virgin Islands and instructed Attorney Lynch to file any documents he needs to do so that the People of the Virgin Islands may response. The Court ordered that the People of the Virgin Islands respond by Tuesday, June 6, 2023, at 3 p.m.

. . .

For accuracy, this Court must point out that the Magistrate Division's June 9, 2023 Order made multiple references to events that occurred as part of the criminal proceeding but mischaracterized them as having occurred before "this Court" in the warrant proceeding. For example, the order stated that the parties appeared before "this Court" for the June 5, 2023 advice of rights hearing— to wit, "The Defendant came before the Court for a [] hearing on June 5, 2023"—and described arguments heard by "this Court" at the June 5, 2023 advice of rights hearing—to wit, "Finally, at the Advice of Rights hearing on June 5, 2023, the Court heard Attorney Lynch argue on behalf of the Defendant..."

However, Magras did not come before the Magistrate Division in his warrant proceeding for a June 5, 2023 hearing. Rather, Magras appeared before a magistrate judge in his criminal proceeding for the June 5, 2023 advice of rights hearing. As noted above, the common practice of having a magistrate judge preside over advice of rights hearing in a criminal proceeding is authorized, and it does not change the nature of the proceeding. *See supra* note 10. In other words, everything that transpired at the June 5, 2023 advice of rights hearing occurred in the criminal proceeding, not the warrant proceeding. Thus, the parties never appeared before the Magistrate Division in Magras' warrant proceeding for the June 5, 2023 advice of rights hearing.

These misstatements conflating the criminal proceeding with the warrant proceeding were likely attributable to the fortuitous fact that the magistrate judge that presided over the June 5, 2023 advice of rights hearing was the same magistrate judge who later issued the Magistrate Division's June 9, 2023 Order.

*Magras v. People of the V.I.*
S. Ct. Civ. No. 2024-0020
Opinion of the Court
Page 21 of 31

Injunction Motion should be adjudicated in the criminal proceeding by a Superior Court judge or in the warrant proceeding by a magistrate judge, and whether it is within the Magistrate Division's jurisdiction to adjudicate Magras' Emergency Injunction Motion—were not addressed in the Magistrate Division's June 9, 2023 Order. Instead, the Magistrate Division assumed jurisdiction and denied Magras' Emergency Injunction Motion.

¶ 35    Title 4, section 123 of the Virgin Islands Code lists the jurisdiction and powers of the Magistrate Division.[24] "Under section 123(a), the Legislature provided the Magistrate Division the

---

[24] Title 4, section 123 of the Virgin Islands Code provides:

(a) Each magistrate judge may:

(1) administer oaths and affirmations and issue civil and criminal process, including warrants of arrest, search warrants, subpoenas, and orders, including orders for the release on bail, for detention of persons pending trial and for contempt;

(2) take acknowledgments, affidavits and depositions;

(3) conduct marriages;

(4) hear all non-felony traffic offenses, litter cases, misdemeanor criminal cases where the maximum punishment is limited to not more than 364 days imprisonment; arraignment and probable cause hearings in any criminal or traffic offense matter; small claims cases and probate matters;

(5) issue temporary and permanent restraining orders in domestic violence cases;

(6) hear forcible entry and detainer and landlord and tenant actions; and

(7) hear all civil cases where the amount in controversy does not exceed $75,000.").

(b) Upon designation by a judge of the Superior Court, pursuant to rules adopted by the court, a magistrate judge may:

(1) hear and determine any pretrial matter pending before the court, including matters before the Family Court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, for dismissing or quashing an indictment or information made by the defendant, suppression of evidence in a criminal case, dismissal or to permit maintenance of a class action, dismissal for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

*Magras v. People of the V.I.*
S. Ct. Civ. No. 2024-0020
Opinion of the Court
Page 22 of 31

original jurisdiction to hear certain kinds of cases without the oversight of a Superior Court judge."

*In re the Estate of Small*, 57 V.I. 416, 428 (V.I. 2012) (citing 4 V.I.C. § 123(a)); *see* V.I. SUPER.

CT. R. 322(a) (noting that original jurisdiction of the Magistrate Division is provided by 4 V.I.C.

§ 123(a)). The Magistrate Division has original jurisdiction over the various types of cases

enumerated in section 123(a): administer oaths and affirmations and issue civil and criminal

process, including warrants of arrest, search warrants, subpoenas, and orders, including orders for

the release on bail, for detention of persons pending trial and for contempt; take acknowledgments,

affidavits and depositions; conduct marriages; hear all non-felony traffic offenses, litter cases,

misdemeanor criminal cases where the maximum punishment is limited to not more than 364 days

imprisonment; arraignment and probable cause hearings in any criminal or traffic offense matter;

small claims cases and probate matters; issue temporary and permanent restraining orders in

domestic violence cases; hear forcible entry and detainer and landlord and tenant actions; and hear

all civil cases where the amount in controversy does not exceed $75,000. 4 V.I.C. § 123(a).

¶ 36    Under section 123(b), upon a Superior Court judge's request for designation, a magistrate

judge may hear and determine any pretrial matter pending before the court "including matters

---

(2) Conduct hearings, including evidentiary hearings, to submit proposed findings of fact and recommendations for the disposition, by a Superior Court judge, of any motion excepted in subsection (b)(1), of applications of post trial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

(c) A judge of the Superior Court may reconsider any pretrial matter handled by the magistrate judge where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

(d) Upon consent of the parties, the magistrate judge may conduct all proceedings in a jury or non-jury civil matter, including trial and enter a judgment in the case. An order entered pursuant to this subsection is an order of the Court, appealable to the Supreme Court of the Virgin Islands as any other order.

4 V.I.C. § 123.

*Magras v. People of the V.I.*
S. Ct. Civ. No. 2024-0020
Opinion of the Court
Page 23 of 31

before the Family Court, except a motion for injunctive relief [in non-domestic violence cases], for judgment on the pleadings, for summary judgment, for dismissing or quashing an indictment or information made by the defendant, suppression of evidence in a criminal case, dismissal or to permit maintenance of a class action, dismissal for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action," and to "[c]onduct hearings, including evidentiary hearings, to submit proposed findings of fact and recommendations for the disposition, by a Superior Court judge, of any motion excepted in subsection (b)(1), of applications of post trial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement." 4 V.I.C. § 123(b)(1)-(2); *see* V.I. SUPER. CT. R. 320(a) ("Pursuant to 4 V.I.C. § 123(b)(1) and (2), the Presiding Judge may assign a magistrate judge to hear and determine any pretrial matter, requested by a judge of the Superior Court, pending before the court (except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, for dismissal or quashing an indictment or information made by the defendant, suppression of evidence in a criminal case, dismissal or to permit maintenance of a class action, dismissal for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action), including matters before the Family Court; and to conduct hearings, including evidentiary hearings, to submit proposed findings of fact and recommendations for the disposition, by a Superior Court Judge, of any motion pertaining to the application of post-trial relief made by individuals convicted of criminal offenses and a prisoner's petition challenging conditions of confinement.").

¶ 37    Under Superior Court Rule 322(a), "[f]inal orders or judgments of the Magistrate Division resolving completely the merits of cases which came before them pursuant to their original jurisdiction, as provided by 4 V.I.C. § 123(a), are immediately appealable to judges of the Superior

*Magras v. People of the V.I.*
S. Ct. Civ. No. 2024-0020
Opinion of the Court
Page 24 of 31

Court of the Virgin Islands, as well as any interlocutory orders appealable by law." V.I. SUPER. CT. R. 322(a). Additionally, for orders issued pertaining to pretrial matters assigned to a designated magistrate judge pursuant to Superior Court Rule 320, which sets forth procedures to designate a magistrate judge and outlines authorized powers, a Superior Court judge may reconsider "*sua sponte* or on motion by a party, where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." V.I. SUPER. CT. R. 320(c); *see also*, 4 V.I.C. § 123(c) ("A judge of the Superior Court may reconsider any pretrial matter handled by the magistrate judge where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.").

¶ 38    Based on his notice of appeal referencing Superior Court Rule 322(a) in the underlying appellate proceeding, it appears that Magras assumed that the Magistrate Division's June 9, 2023 Order was a final order issued pursuant to its original jurisdiction in the warrant proceeding. A review of section 123(a) reveals that ruling on Magras' Emergency Injunction Motion—a motion for injunctive relief not filed in a domestic violence case, but in a felony case[25]—was outside the scope of the Magistrate Division's enumerated original jurisdiction. The magistrate judge's power to issue temporary and permanent restraining orders under section 123(a)(5) is expressly limited to domestic violence cases; the magistrate judge's power to hear criminal cases in section 123(a)(4)

---

[25] "Crimes or offenses are divided into felonies and misdemeanors," and "a felony is a crime or offense which is punishable by imprisonment for more than one year; and every other crime or offense is a misdemeanor." 14 V.I.C. § 2(a)-(b).

Here, the People charged Magras with two counts of obtaining money by false pretense, in violation of 14 V.I.C. § 834(2), and two counts of grand larceny, in violation of 14 V.I.C. § 1083(a)(1). These are felony charges punishable by more than one year's imprisonment. *See* 14 V.I.C. § 834(2) ("Whoever knowingly and designedly, by false or fraudulent representation or pretenses, defrauds any other person of money or property, shall—if such property or money was $100 or more in value, be imprisoned not more than 10 years."); *see also*, 14 V.I.C. § 1083(a)(1) ("Whoever takes property—which is of $500 or more in value…commits grand larceny and shall be imprisoned for not more than 10 years.").

*Magras v. People of the V.I.*
S. Ct. Civ. No. 2024-0020
Opinion of the Court
Page 25 of 31

is expressly limited to "misdemeanor criminal cases where the maximum punishment is limited to not more than 364 days imprisonment." Thus, the Magistrate Division's June 9, 2023 Order was not an order issued pursuant to its original jurisdiction and Superior Court Rule 322(a)—which expressly applies only to final orders issued pursuant to the Magistrate Division's original jurisdiction under section 123(a)—is therefore not applicable.

¶ 39    Magras' notice of appeal in the underlying appellate proceeding also referenced section 123(c), in which case Superior Court Rule 320 is applicable. However, there was no such designation of the magistrate judge here to handle pretrial matters pending in Magras' criminal proceeding; but even if there was such a designation, section 123(b) expressly prohibits the magistrate judge from hearing and determining a motion for injunctive relief. Thus, by adjudicating Magras' Emergency Injunction Motion, the Magistrate Division exceeded its jurisdiction—original or otherwise—and the Magistrate Division's June 9, 2023 Order was therefore void for lack of jurisdiction. *See Etienne v. Alexander*, 73 V.I. 519, 526 (V.I. 2020) ("Thus, even to the extent that an order mandating compliance with the settlement agreement in the first action could render the second action moot, it did not have that effect in this case because the order mandating compliance was, itself, void for lack of jurisdiction."); *see also, Roman Catholic Archdiocese of San Juan v. Feliciano*, 589 U.S. 57, 63-64 (2020) ("Every order thereafter made in that court [without jurisdiction is] *coram non judice*," meaning "not before a judge… The state court 'los[es] all jurisdiction over the case, and, being without jurisdiction, its subsequent proceedings and judgment [are] not . . . simply erroneous, but absolutely void.'") (citations omitted).

¶ 40    In the ensuing appeal, the Superior Court briefly addressed the magistrate judge's jurisdiction when determining its own jurisdiction to review the Magistrate Division's June 9, 2023

*Magras v. People of the V.I.*
S. Ct. Civ. No. 2024-0020
Opinion of the Court
Page 26 of 31

Order. In concluding that it had jurisdiction, the Superior Court—citing to section 123 and Superior Court Rule 322(a)—reasoned that "each magistrate judge is empowered to, *inter alia,* administer oaths and affirmations and issue civil and criminal process, including warrants of arrest" and "'[f]inal orders or judgments of the Magistrate Division resolving completely the merits of cases which came before them pursuant to their original jurisdiction' such as the issuance of a warrant or the denial of motion seeking to enjoin the execution or issuance of a warrant 'are immediately appealable to judges of the Superior Court of the Virgin Islands, as well as any interlocutory orders appealable by law.'"[26] This Court disagrees.

---

[26] The Superior Court's March 22, 2024 Order also found that "Magras' appeal was filed on a timely basis." This Court also disagrees.

"Appeal from a magistrate judge's decision may be obtained by filing a notice of appeal with the Clerk of the Superior Court within (14) days of entry of the judgment or order from which appeal is sought." V.I. SUPER. CT. R. 322(b)(1). Assuming *arguendo* that the Magistrate Division's June 9, 2023 Order was issued pursuant to its original jurisdiction under section 123(a) and that Magras was correct to appeal the order pursuant to Superior Court Rule 322(a), then Magras should have filed his notice of appeal on or before Thursday, June 29, 2023—within 14 days from the date of entry of the order. *See* V.I. R. CIV. P. 6(a) ("The following rules apply in computing any time period specified in these rules, in any court order, or in any statute that does not specify a method of computing time."); *see also,* V.I. R. CIV. P. 6(b) ("When the period is stated in days or a longer unit of time: (A) exclude the day of the event that triggers the period; (B) when the period is 15 days or more, count every day, including intermediate Saturdays, Sundays, and legal holidays; when the period is 14 days or less, do not count intermediate Saturdays, Sundays, and legal holidays; and (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."). Magras did not file his notice of appeal until Friday, June 30, 2023.

*Magras v. People of the V.I.*
S. Ct. Civ. No. 2024-0020
Opinion of the Court
Page 27 of 31

¶ 41    The Superior Court committed error by finding that the Magistrate Division's jurisdiction in this instance extended to "the denial of motion seeking to enjoin the execution or issuance of a warrant." As explained above, ruling on Magras' Emergency Injunction Motion was outside the scope of the Magistrate Division's enumerated original jurisdiction under section 123(a) and expressly prohibited by section 123(b) even if the magistrate judge was designated to handle pretrial matters pending in Magras' criminal proceeding, and as a result, the Magistrate Division's June 9, 2023 Order was void for lack of jurisdiction.

¶ 42    The People agree that the Magistrate Division's June 9, 2023 Order was "null and void for lack of jurisdiction" and reason that "the Appellate Division erred to the extent that it reviewed and affirmed [it] on the merits, but that decision constitutes harmless error as the Magistrate Judge lacked jurisdiction to consider the motion in the first instance."[27] Thus, the People ultimately conclude that "regardless of whether this Court resolves this case on jurisdictional, procedural, or substantive grounds, the Court should not permit Appellant to circumvent the final judgment [rule] to obtain premature appellate review [of] his statute of limitations defense before the Superior

---

Nevertheless, the time to file a notice of appeal from a magistrate judge's order is not a jurisdictional requirement, but rather a claims-processing rule that is subject to waiver. *See Vazquez v. Vazquez*, 54 V.I. 485, 489-90 (V.I. 2010); *see also Gov't of the V.I. v. Crooke*, 54 V.I. 237, 253-54 (V.I. 2010) ("It is well established that time limits set exclusively by court rules are mere claims-processing rules which do not affect a court's subject matter jurisdiction even if they may result in dismissal if violated."). Here, the People never asserted that Magras filed an untimely notice of appeal of the Magistrate's June 9, 2023 Order in the appellate proceeding. Notably, multiple attorneys have appeared on behalf of the People in the appellate proceeding— Assistant Attorney General Tracy Myers, Esq., Assistant Attorney General Ian S. A. Clement, Esq., and Assistant Attorney General Sean P. Bailey, Esq.—and none of the counsel raised the issue of untimeliness. Thus, we conclude that the People waived this issue. *Cf. Montgomery v. Virgin Grand Villas St. John Owners' Ass'n*, 71 V.I. 1119, 1129 (V.I. 2019) (citing *Bryan v. Gov't of the V.I.*, 56 V.I. 451, 456 (V.I. 2012) ("Thus, an appellee may waive a defect in the timeliness of a notice of appeal if it fails to raise the issue at the earliest opportunity.").

[27] *See supra* note 20.

*Magras v. People of the V.I.*
S. Ct. Civ. No. 2024-0020
Opinion of the Court
Page 28 of 31

Court has the opportunity to consider and rule upon those issues in his pending criminal case" and request this Court to affirm the Superior Court's March 22, 2024 Order.

¶ 43    Magras, on the other hand, agrees that the Magistrate Division lacked jurisdiction to rule on his Emergency Injunction Motion but argues that the jurisdictional defect has since been cured by the Superior Court's March 22, 2024 Order. He reasons that "[i]n any event, [Magras]... sought review of the magistrate's decision, and resulted in a Superior Court judge – not magistrate judge – issuing the final adverse order appealed from herein" and "[t]here no question that the Superior Court jurisdiction to review the magistrate's decision." Therefore, Magras concludes that "the magistrate jurisdictional issue is moot, and the matter is now properly before this Court as an appeal from a final order of the Superior Court."

¶ 44    This Court disagrees with both parties' conclusions. It is true that when a "court takes actions that exceed the scope of its jurisdiction" because that jurisdiction was vested in "another tribunal, the decision to deny those proceedings legal effect is grounded not in metaphysical notions regarding transfer of power, but on practical considerations concerning efficient judicial administration." *Hansen v. O'Reilly*, 62 V.I. 494, 510 (V.I. 2015) (quoting *Harvey v. Christopher*, 55 V.I. 565, 569 n.2 (V.I. 2011)). This Court likewise observed that "[t]his is particularly true when . . . the court that actually possessed jurisdiction does not expressly object to the other court's actions, despite being aware of them." *Hansen*, 62 V.I. at 510-11 (applying this principle, this Court declined to declare as a nullity a trial and other proceedings that occurred in the Superior Court during a week-and-a-half period in which the Superior Court erroneously entered orders despite a notice of removal, when the District Court immediately declined to exercise its removal jurisdiction and this Court ordering vacatur under those circumstances "would serve absolutely no purpose other than additional expense and delay, since almost certainly the parties would produce

*Magras v. People of the V.I.*
S. Ct. Civ. No. 2024-0020
Opinion of the Court
Page 29 of 31

the same evidence and the Superior Court would issue the same decision based on that evidence")
(collecting cases). Moreover, this Court has long held that subsequent events that occur after the
filing of a complaint but before its dismissal can cure certain jurisdictional defects that were
present at the time of the complaint, since dismissal would be "pointless" under those
circumstances when the plaintiff "could have immediately refiled the complaint," resulting in a
waste of judicial resources. *Ottley v. Estate of Bell*, 61 V.I. 480, 496-97 (V.I. 2014) (collecting
cases). In other words, this Court has generally declined invitations to elevate form over substance
regarding technical errors—even those implicating subject matter jurisdiction—that have already
been, or could be, easily corrected on remand when doing so would serve no practical purpose and
only further academic or "metaphysical notions." *See Hansen*, 62 V.I. at 510.

¶ 45    But this is not such a case. Although it was a Superior Court judge who reviewed the
magistrate judge's order and thereafter issued the Superior Court's March 22, 2024 Order, the
Superior Court judge did precisely that: review the Magistrate Division's June 9, 2023 Order. In
the section of the Superior Court's March 22, 2024 Order setting forth the standard of review, the
Superior Court judge stated that she would review "[f]actual findings of each injunction factor for
clear error." (J.A. 8.) In other words, the Superior Court judge did not make her own findings of
fact as to Magras' Emergency Injunction Motion, but proactively deferred to the factual findings
made by the magistrate judge—a magistrate judge that pursuant to section 123(b)(1) expressly
lacked the authority to make those factual findings in the first place. Because the Superior Court
judge admitted to deferring to the magistrate judge's factual findings, the Superior Court's March
22, 2024 Order could not have cured the jurisdictional defect in the Magistrate Division's June 9,
2023 Order or rendered the defect harmless.

¶ 46    As such, in this instance, the Superior Court lacked jurisdiction to review—to affirm or

*Magras v. People of the V.I.*
S. Ct. Civ. No. 2024-0020
Opinion of the Court
Page 30 of 31

reverse—the Magistrate Division's June 9, 2023 Order—an order rendered void for lack of jurisdiction—other than to declare it void. *See In re Hailey*, 73 V.I. 575, 583-85 (V.I. 2020) ("As in other jurisdictions, it is well-established in the Virgin Islands that a court lacks jurisdiction to enforce a void judgment or to take any action with respect to the void judgment other than declaring it void.") (citing *SBRMCOA, LLC v. Beachside Associates, LLC*, 2015 V.I. Supreme LEXIS 42, *7 (V.I. Dec. 28, 2015) (unpublished) (quoting *United States v. Carroll*, 2012 U.S. App. LEXIS 9520, *4 (6th Cir. Apr. 27, 2012) (unpublished)). Accordingly, the Superior Court erred in finding that the magistrate judge had jurisdiction to issue the Magistrate Division's June 9, 2023 Order adjudicating Magras' Emergency Injunction Motion and in turn, erred in finding that it had jurisdiction to issue the Superior Court's March 22, 2024 Order reviewing and affirming the Magistrate Division's June 9, 2023 Order.

¶ 47    In summary, the Magistrate Division's June 9, 2023 Order and the Superior Court's March 22, 2024 Order were both issued without subject matter jurisdiction and are therefore void. Thus, this Court need not reach the merits of Magras' appeal.[28]

---

[28] While this Court need not reach the merits of Magras' appeal of the Superior Court's March 22, 2024 Order, this Court will nevertheless point out that Magras' requested relief is improper here. Specifically, Magras requests this Court to "remand to the Superior Court with instructions, consistent with this conclusion [that the Superior Court erred], to dismiss the pending [criminal proceeding Case No.] ST-2023-CR-00210."

Magras appears to conflate the appellate proceeding with the criminal proceeding, but they are two separate proceedings—to wit, the criminal proceeding is currently pending while the appellate proceeding has concluded. This appeal arises from the appellate proceeding—the Superior Court's March 22, 2024 Order affirming the Magistrate Division's June 9, 2023 Order denying Magras' Emergency Injunction Motion; this appeal did not arise from the criminal proceeding. Thus, while Magras was correct that this Court could remand this matter to the appellate proceeding, there is no relief that we can provide for matters in the criminal proceeding, as there is no order from the criminal proceeding before us on appeal.

*Magras v. People of the V.I.*
S. Ct. Civ. No. 2024-0020
Opinion of the Court
Page 31 of 31

### III. CONCLUSION

¶ 48    For the aforementioned reasons, this Court concludes that the Superior Court erred in finding that the magistrate judge had jurisdiction to issue the Magistrate Division's June 9, 2023 Order adjudicating Magras' Emergency Injunction Motion, and in turn, erred in finding that it had jurisdiction to issue the Superior Court's March 22, 2024 Order reviewing and affirming the Magistrate Division's June 9, 2023 Order. Both orders were issued without subject matter jurisdiction. Accordingly, this Court will vacate the Superior Court's March 22, 2024 Order and the Magistrate Division's June 9, 2023 Order, declare them void *ab initio* for lack of jurisdiction, and order that Magras' Emergency Injunction Motion be adjudicated as part of the criminal proceeding.

**Dated this 18th day of December, 2024.**

**BY THE COURT:**

**HAROLD W.L. WILLOCKS**
**Associate Justice**

**ATTEST:**

**VERONICA J. HANDY, ESQ.**
**Clerk of the Court**
By: _____
**Deputy Clerk II**
Dated: December 18, 2024